UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR735 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| MOHAMMAD H. MOHAMMAD, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Mohammad H. Mohammad's motion to dismiss the indictment filed against him. Mohammad asserts that due process compels dismissal of the charges against him based upon allegations that the Government previously made promises not to bring the particular charges at issue. The motion is DENIED.

On February 10, 2016, Mohammad, his two brothers, and their various business entities were indicted in Case No. 1:16CR52. The charges in that indictment included conspiracy to defraud the food stamp program, food stamp fraud, unlawful food stamp redemptions, and engaging in monetary transactions in property derived from a specified unlawful activity. After several change of plea hearings were scheduled and subsequently cancelled, the parties endeavored to create a written guilty plea. The parties' correspondence makes clear that the parties did not intend to enter into a plea agreement. Rather, they intended to lay our certain information that was agreeable to all those involved that would facilitate a plea colloquy. It is the written guilty plea and the negotiations surrounding it that form the basis of the pending motion to dismiss.

At its core, Mohammad's argument centers around his assertion: "Despite any attempt to distinguish the agreement from a plea agreement, the clear implication in the document (which has

not and cannot be refuted) is that the government intended that the inclusion of the language it drafted in Paragraph 14, was the quo for the quid of not filing tax charges separately." Doc. 10 at 6. In turn, Paragraph 14 of the written guilty plea reads: "Relevant Conduct. Defendant understands that the government intends to present evidence to the Court at sentencing, or at a separate hearing as designated by the Court, in the form of relevant conduct related to Defendant's tax liability." Doc. 39 at 7, Case No. 1:16CR52.

Mohammad's argument fails at every turn. First and foremost, the parties' written guilty plea contained no mention of any promise not to separately charge the tax issues. In fact, the written guilty plea also contains a provision that reads: "Defendant and Defendant's undersigned attorney state that in making this guilty plea, no promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government concerning any plea to be entered in this case." Doc. 39 at 19, Case No. 1:16CR52. Further, while the terms of the written guilty plea were being discussed, Mohammad's counsel sent an email reading: "One other thing. Since you have included most of the standard plea agreement provisions, would also add the one about not bringing other charges. I know you have the tax issue in there as relevant conduct but that doesn't mean you couldn't indict them for tax prior to sentencing." Doc. 10-4 at 2. Counsel for the Government responded: "I don't think that would be an appropriate provision in a written guilty plea. I believe we've included in the writing only those paragraphs that would be addressed at a plea colloquy in the open plea context. We wouldn't "agree" not to bring other charges at an open plea hearing, and I don't think we can do so in a writing." Doc. 10-4 at 2.

The parties' email exchange highlights several of the faults in Mohammad's argument.

2

First, his counsel candidly asserts that Paragraph 14's discussion of relevant conduct "doesn't mean you couldn't indict" Mohammad separately for the tax issues. As such, Mohammad's assertion that the inclusion of the relevant conduct was part of a quid pro quo is untenable.[1]

Mohammad also ignores that the Government *always* had the right to argue about relevant conduct. The Government did not need Mohammad's permission to argue that the tax loss was relevant conduct. To accept Mohammad's argument, the Court would have to conclude that the Government gave up its right to pursue charges related to the tax issues in exchange for a right that it already had – the right to *argue* about relevant conduct.

Finally, Mohammad's argument ignores the record that was created prior to the conclusion of his sentencing hearing. Counsel for the Government informed the Court: [T]he government will concede it is not relevant conduct, and the government will go ahead and charge that, seek an indictment to charge it separately." Doc. 125, PageID 1479-80, Case No. 1:16CR52. The Court responded: "All right. Then we're clear, the government is saying that they're not going to pursue the relevancy, and they will separately charge." *Id.* At no point did Mohammad's counsel assert that the Government was breaching its promise or agreement when it made this assertion. The Court then later entered an order, Doc, 104 in Case No. 1:16CR52, that read in part: "The Government agreed not to pursue the relevancy of the tax losses to the counts in the indictment but will separately charge Defendants on the tax claims." Mohammad raised no objection to that order.

---

1 Mohammad's argument also ignores that if the Government had made an express promise to him, then every party arguably committed fraud on the Court when they submitted a written guilty plea asserting that no such promises had been made.

3

Instead, it appears that only after that order was issued that Mohammad suggested that any attempt to separately charge him would violate the parties' alleged agreement. In other words, it was only after Mohammad was certain with respect to the sentence he would receive in 1:16CR52 that he asserted a right to be free from future charges. As detailed above, Mohammad's arguments are rife with deficits that cannot be overcome. The record contains *no evidence* of any agreement between the parties, nor is there any suggestion that an evidentiary hearing would benefit the Court. The overwhelming evidence – emails between the parties, the written guilty plea, transcripts, and court orders – all compel the conclusion that no agreement had ever been reached regarding future charged. The motion to dismiss is DENIED.

IT IS SO ORDERED.

 July 17, 2019  
Date

 /s/John R. Adams  
JOHN R. ADAMS  
UNITED STATES DISTRICT JUDGE